FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRISTINA F., [1]

                    Plaintiff,

   v.

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

NO:  2:20-CV-00190-LRS

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 25, 31. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Christopher H. Dellert. Defendant is represented by Special Assistant United States Attorney Justin L. Martin. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 25, is denied and Defendant's Motion, ECF No. 31, is granted.

---

[1] Plaintiff's last initial is used to protect her privacy.

ORDER - 1

## JURISDICTION

Christina F. (Plaintiff) filed for disability insurance benefits and supplemental security income on January 13, 2015, alleging in both applications an onset date of June 14, 2014.  Tr. 226-27, 916-21.  Benefits were denied initially, Tr. 131-38, and upon reconsideration, Tr. 140-42, 950-53.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on November 18, 2016.  Tr. 172-206.  On December 20, 2016, the ALJ issued an unfavorable decision, Tr. 26-38, and the Appeals Council denied review.  Tr. 21-24.  Plaintiff filed suit in the U.S. District Court for the Eastern District of Washington, and on April 19, 2019, the Honorable Rosanna Malouf Peterson granted Plaintiff's motion for summary judgment and remanded the case for additional proceedings.  Tr. 102-26.

After a second hearing on January 3, 2020, Tr. 39-56, a different ALJ issued another unfavorable decision on March 6, 2020.  Tr. 1-20.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 49 years old at the time of the second hearing.  Tr. 54.  She graduated from high school.  Tr. 49.  She has work experience as a receptionist/clerk, housekeeper, and cashier.  Tr. 50.  Plaintiff testified that she cannot work due to posttraumatic stress disorder and an inability to work with other

ORDER - 2

1  people.  Tr. 43.  She cannot complete tasks because she is unable to focus due to

2  ADD or hyperactivity.  Tr. 43.  Deadlines and stress cause anxiety attacks and panic

3  attacks.  Tr. 43-44.  During a panic attack she cannot concentrate.  Tr. 46.  She has a

4  hard time deviating from routine and she gets overwhelmed easily.  Tr. 44, 47.

5  ### STANDARD OF REVIEW

6  A district court's review of a final decision of the Commissioner of Social

7  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

8  limited; the Commissioner's decision will be disturbed "only if it is not supported by

9  substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

10  (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable

11  mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and

12  citation omitted).  Stated differently, substantial evidence equates to "more than a

13  mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

14  In determining whether the standard has been satisfied, a reviewing court must

15  consider the entire record as a whole rather than searching for supporting evidence in

16  isolation. *Id.*

17  In reviewing a denial of benefits, a district court may not substitute its

18  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156

19  (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

20  rational interpretation, [the court] must uphold the ALJ's findings if they are

21  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's

ORDER - 3

decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

ORDER - 4

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER - 6

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 14, 2014, the alleged onset date. Tr. 6. At step two, the ALJ found that Plaintiff has the following severe impairments: posttraumatic stress disorder, depressive disorder, and personality disorder. Tr. 7. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 7.

The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: "She can have superficial, brief contact with the general public and coworkers. She would work best independently with a predictable routine and only occasionally changes in work duties." Tr. 8.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 18. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that existed in significant numbers in the national economy that Plaintiff can perform such as production line assembler, inspector and hand packager, and marker. Tr. 19. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 14, 2014, the alleged onset date, through the date of the decision. Tr. 19-20.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  ECF No. 25.  Plaintiff raises the following issues for review:

1.   Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2.   Whether the ALJ properly evaluated the medical opinion evidence. [2]

ECF No. 25 at 2.

## DISCUSSION

### A.    Symptom Claims

Plaintiff contends the ALJ improperly rejected her subjective complaints.  ECF No. 25 at 4-12.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

---

[2] Plaintiff also raised the issue of the ALJ's authority to decide Plaintiff's claims but filed an Unopposed Motion to Strike Argument due to recent authority which settled the issue.  ECF No. 34 (citing *Kauffman v. Kijakazi*, -- F.4th --, 21-48844, 2022 WL 1233238 (9th Cir. April 27, 2022)).  The motion is granted and the court will not further address the issue.

ORDER - 8

symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

"The claimant is not required to show that her impairment could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show

that it could reasonably have caused some degree of the symptom." *Vasquez v.*

*Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted).  "General findings are insufficient; rather, the ALJ

must identify what testimony is not credible and what evidence undermines the

claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995)); *see*

*also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make

a credibility determination with findings sufficiently specific to permit the court to

conclude that the ALJ did not arbitrarily discredit claimant's testimony.").  "The

clear and convincing [evidence] standard is the most demanding required in Social

Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting

*Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter*

*alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

claimant's testimony or between his testimony and his conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from

ORDER - 9

physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found the longitudinal history of generally unremarkable mental assessments by Plaintiff's healthcare providers does not support her allegations of disabling mental health symptoms. Tr. 11. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ cited numerous records over the course of the relevant period supporting the conclusion that Plaintiff's healthcare providers found her mental health to be generally unremarkable. Tr. 10-11; *see* e.g., Tr. 359 (unremarkable), 361-62 (anxiety and crying with situational stressors, otherwise normal MSE), 363 (mood lability, nervous and anxious but having a lot of stress), 365 (well-appearing, no distress), 368 (well-appearing, no distress), 496 (reports PTSD, normal MSE), 500 (feels hyperemotional but therapy, animals, and boyfriend are calming, normal MSE), 504-05 (situational stressors, normal MSE), 508 (normal

ORDER - 10

MSE), 516 (well-appearing, no distress), 528-29 (reported panic attacks, well-appearing in no distress, pressured speech but otherwise normal MSE), 761 (well-appearing in no distress, anxious mood and affect but otherwise alert and oriented). The ALJ noted records of medical appointments with Dr. Stuhlmiller over more than three years from December 2016 to September 2019 reflect similar presentation. Tr. 11; *see* Tr. 766, 773, 801, 821-22, 829, 843, 865, 869. Other providers made similar findings, as well. Tr. 11; *see* Tr. 770 ("mildly anxious" but stable and otherwise unremarkable findings), 798 (normal MSE), 853 (unremarkable MSE), 876 (anxiety and PTSD controlled, normal MSE).

Plaintiff argues that the ALJ failed to explain how the evidence cited demonstrated that Plaintiff's symptoms and limitations were not as severe as alleged. ECF No. 25 at 7. To the contrary, the ALJ explained the "longitudinal record does not support that her capacity for activities requiring understanding, remembering, concentrating, social interact[ion] and adaptation was as seriously limited as alleged." Tr. 10. The ALJ noted factors impacting Plaintiff's mental health which "suggests that here alleged symptoms were not primarily caused by her mental impairments but, rather, were significantly impacted by episodic situational stressors;" and that the "longitudinal history of generally unremarkable mental assessments" by Plaintiff's healthcare providers "does not support her allegations of disabling mental health symptoms." Tr. 10-11. This adequately explains the ALJ's evaluation of the longitudinal record. Plaintiff fails to address

any of the records cited by the ALJ or show how the ALJ erred in interpreting the record.

Additionally, Plaintiff's argument that her symptoms "waxed and waned" does not undermine the ALJ's findings. ECF No. 25 at 9-10. "Symptoms may wax and wane during the progression of a mental disorder. Those symptoms, however, may also subside during treatment. . . . Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill,* 878 F.3d 867, 876 (9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1017). The ALJ found that over the longitudinal record, Plaintiff had some symptoms, but treatment helped control them and that they were generally noted to be mild to moderate upon examination. Tr. 10-11. The ALJ also noted situational stressors increased symptoms at times. Tr. 10-11. Plaintiff cites no records contradicting or undermining the ALJ's findings.

Second, the ALJ found that Plaintiff worked with her symptoms at substantial gainful activity levels for 25 to 30 years, and that her symptoms were typically unchanged after the application date. Tr. 11. Working with an impairment supports a conclusion that the impairment is not disabling. *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992). The ALJ noted Plaintiff reported during counseling that her symptoms have existed for 25-30 years and that she worked full-time during some of that time. Tr. 11, 581, 659. The ALJ concluded that Plaintiff's mental functioning was essentially unchanged and somewhat unremarkable after 2014, suggesting that her mental health issues were not as

ORDER - 12

functionally limiting.  Tr. 11.  However, there are few records from the 25-30 year period before the alleged onset date and it is unclear how the ALJ could make that analysis.  As noted in the previous district court decision, work history before the alleged onset date is of limited probative value.  Tr. 121 n.3 (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).  The finding is not based on substantial evidence and is not particularly persuasive.  To the extent the ALJ erred, there are other clear and convincing reasons supported by substantial evidence which support the ALJ's evaluation of Plaintiff's symptom claims.  *See Molina*, 674 F.3d at 1115; *Carmickle*, 533 F.3d at 1162-63 (9th Cir. 2008).

Third, the ALJ found Plaintiff's activities do not support a finding that her mental health issues were as restricting as alleged.  Tr. 11-12.  It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints.  *See Rollins*, 261 F.3d at 857.  However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.  *Fair*, 885 F.2d at 603.  Furthermore, "[e]ven where [Plaintiff's daily] activities suggest

ORDER - 13

some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The ALJ noted that Plaintiff has worked during the period of alleged disability, including farm work and caretaking for her grandmother. Tr. 11. The ALJ found that although these activities were not performed at the level of substantial gainful activity, they suggest her mental health symptoms were not as limiting as alleged. Tr. 11-12. Plaintiff's activities included full-time seasonal farm work, tending to farm animals, working on fencing and hay, cooking meals, driving, shopping, cleaning, doing laundry, sewing, and doing household repairs. Tr. 277-80, 500, 508, 531, 569, 571, 576, 649, 734, 741, 826. The ALJ found that Plaintiff's alleged inability to stay on-task and inability to adapt or interact socially are not supported by her participation in these activities. Tr. 12. Further, the ALJ noted that despite Plaintiff's alleged difficulty with concentration, she drove over 100 miles to the hearing. Tr. 12, 48-49. The ALJ's conclusions is reasonable and supported by substantial evidence.

Plaintiff argues that the ALJ's "blind reliance" on daily activities is inappropriate and that the activities cited by the ALJ are not analogous to the pressures of a full-time work week. ECF No. 25 at 8-9. However, the daily activities cited by the ALJ reasonably contradict Plaintiff's claims of a totally debilitating impairment. *See Molina*, 674 F.3d at 1113. This is clear and convincing reason supported by substantial evidence.

ORDER - 14

Fourth, the ALJ noted potential barriers to employment other than Plaintiff's mental health symptoms. Tr. 12. The ALJ noted that Plaintiff has a history of three felonies and substance abuse and suggests these may be possible barriers to employment rather than mental health limitations. Tr. 12. Plaintiff argues that SSR 16-3p indicates that subjective symptom evaluation is not a character evaluation and that citation to criminal history or past drug use is improper.[3] ECF No. 25 at 12. Defendant does not argue otherwise. ECF No. 31 at 21-26. Nevertheless, the ALJ gave other clear and convincing reasons supported by substantial evidence for finding Plaintiff's symptoms claims not fully supported so any error in considering this evidence is harmless. *See Molina*, 674 F.3d at 1115.

Fifth, the ALJ found that psychiatric/psychological exam results and opinions do not support a finding that Plaintiff's mental health impairments were as severe as alleged. Tr. 12. Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. *Carmickle*, 533 F.3d at 1161; *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995). The ALJ observed that in October 2014 John Arnold, Ph.D., found that, despite anxious and depressed

---

[3] Plaintiff characterizes these issues as "remote," but the court notes Plaintiff's last job ended due to alleged theft in June 2014, the same month she alleges disability began, and that she reported situational stress about events related to this issue during the relevant period. Tr. 389, 413, 430, 432, 484, 654, 910.

mood and initial tearfulness, mental status exam results were unremarkable. Tr. 12, 428-29. Also in October 2014, Steven Johansen, Ph.D., examined Plaintiff and reviewed Dr. Arnold's opinion. He found mild depression and anxiety and concluded that "impact appears mild at best." Tr. 12-13, 430. In December 2014, Dr. Arnold conducted another examination and found moderate psychomotor agitation, depressed and anxious mood, and tearful affect, but all other functional areas were normal. Tr. 13, 435-36.

Similarly, in October 2010, Catherine A. MacLennan, Ph.D., conducted an extensive mental status exam and found some initial mild psychomotor agitation and anxiety, with anxious and nervous mood and affect. Tr. 904. She was weepy and shaky, and her presentation was a little tangential, but generally she was cooperative, had no unusual speech patterns, her thinking was linear, clear, and goal oriented, there were no concerns about memory, and all other mental status findings were within normal limits. Tr. 904-05. The ALJ determined that, taken together, the mental status assessment reflect some limitation in social interaction and in the ability to adapt to new situations, but only minimal to mild cognitive limitations. Tr. 14. Thus, the ALJ concluded the results of these mental status assessments do not support the level of limitation alleged. This is clear and convincing reason supported by substantial evidence.

**B.    Medical Opinions**

Plaintiff contends the ALJ failed to properly weigh the opinions of examining psychologist John Arnold, Ph.D.; examining psychologist Catherine MacLennan,

ORDER - 16

Ph.D., and reviewing psychologists Holly Petaja, Ph.D. and Steven Johansen, Ph.D. ECF No. 15 at 12-15.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

ORDER - 17

1      *1.  John Arnold, Ph.D.*

2          Dr. Arnold completed a DSHS Psychological/Psychiatric Evaluation form on

3      October 22, 2014 and diagnosed major depressive disorder and anxiety.  Tr. 425-29.

4      He assessed marked limitations in the ability to perform activities within a schedule,

5      maintain regular attendance, and be punctual within customary tolerances without

6      special supervision; the ability to adapt to changes in the work setting; and in the

7      ability to complete a normal workday and work week without interruptions from

8      psychologically based symptoms; plus eight moderate limitations in other areas of

9      functioning.  Tr. 427.

10         Dr. Arnold completed a second DSHS Psychiatric/Psychological Evaluation

11     form on December 17, 2014 and again diagnosed moderate depressive disorder and

12     anxiety with PTSD features.  Tr. 432-36.  For this evaluation, Dr. Arnold assessed

13     five marked limitations, including the three previously assessed, as well as marked

14     limitations in the ability to understand, remember and persist in tasks by following

15     detailed instructions; and in the ability to maintain appropriate behavior in a work

16     setting.  Tr. 434.  He assessed moderate limitations in seven other areas of

17     functioning.  Tr. 434.

18         The ALJ gave little weight to Dr. Arnold's opinions.  Tr. 16.  First, the ALJ

19     found his opinions are unsupported.  Tr. 16.  A medical opinion may also be

20     rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately

21     supported.  *Bray*, 554 F.3d at 1228; *Thomas*, 278 F.3d at 957.  The ALJ noted that

       Dr. Arnold did not indicate which medical records were reviewed so it is unclear

ORDER - 18

whether his opinion is based on a single medical record or the longitudinal record. Tr. 16, 425, 432.  Additionally, the ALJ found that Dr. Arnold did not provide any basis for finding Plaintiff became more limited between October and December 2014, noting that "claimant herself report that her condition was unchanged."  Tr. 16.  The ALJ correctly noted that the clinical interview notes indicate Plaintiff's report was "unchanged."  Tr. 432.  However, in the "symptoms claimed" portion of the form, Dr. Arnold made an updated note that Plaintiff was having more frequent nightmares, difficulty controlling her temper, and she was tired all the time with "[n]o specific event triggering this exacerbation."  Tr. 432.  Nonetheless, the change in limitations based on these reported symptoms is not explained by Dr. Arnold elsewhere in the opinion.  This is a specific, legitimate reason supported by substantial evidence for rejecting Dr. Arnold's opinion.

Second, the ALJ found Dr. Arnold's opinions are unsupported by his own evaluation of Plaintiff.  The ALJ may discount an opinion when there is a discrepancy between a clinical notes and observations and the functional assessment. *Bayliss*, 427 F.3d at 1216.  The ALJ observed that both of Dr. Arnold's mental status exams resulted in findings largely within normal limits.  Tr. 16, 428-29, 435-36.  In October 2014, Dr. Arnold noted Plaintiff's mood to be depressed/anxious and her affect was congruent and tearful, but Plaintiff's appearance, speech, attitude, and behavior, thought process and content, orientation, perception, memory, fund of knowledge, concentration and abstract thought were all within normal limits.  Tr. 427-28.  Dr. Arnold's mental status exam findings in December 2014 were the same.

ORDER - 19

Tr. 435-36.  The ALJ reasonably concluded that these objective findings do not support the degree of limitations assessed by Dr. Arnold and this is a specific, legitimate reason for rejecting the opinions.

Third, the ALJ found that the more extreme portions of Dr. Arnold's opinions are unsupported by the longitudinal record.  Tr. 16.  The amount of relevant evidence supporting an opinion and the consistency of a medical opinion with the record as a whole are relevant factors in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ observed that the longitudinal record suggests that, at most, Plaintiff's mental functioning was only moderately limited in her capacity for social interaction and adaptation.  Tr. 16 (citing e.g., Tr. 359, 361-65, 515, 528-31, 761, 766, 770-71, 773, 777, 801, 821-22, 826-27, 829, 843, 853).  This is a specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Arnold's opinions.

Plaintiff's only argument is that the ALJ should not have given more weight to the opinions of non-examining reviewing psychologists, Richard Winslow, M.D. and Diane Fligstein, Ph.D., who reviewed the record and assessed mostly moderate limitations in March and August 2015, respectively.  ECF No. 25 at 12-15; Tr. 63-66, 79-81.  The ALJ adopted previous findings which acknowledged that nonexamining opinions generally do not receive as much weight as examining or treating opinions but determined that Dr. Winslow's and Dr. Fligstein's opinions are consistent with the evidence in the record supporting a nondisability finding.

ORDER - 20

Tr. 14, 36.  The ALJ also provided legally sufficient reasons for the weight

assigned to the opinions of Dr. Arnold.  Plaintiff does not specifically address the

ALJ's factual assertions or reasoning, ECF No. 25 at 12-15, and there is no error.

     *2.  Steven Johansen, Ph.D.*

     Dr. Johansen completed a DSHS Review of Medical Evidence form in

October 2014 based on a review of Dr. Arnold's October 22, 2014 opinion.  Tr. 430-

31.  He found that the severity and functional limitations assessed by Dr. Arnold are

not supported by the medical evidence and noted an intact mental status exam and

mild depression with questionable impact on current functioning.  Tr. 430.  He

opined that "no ratings are supported beyond mild based on the documentation

provided." Tr. 430.  He also opined that the rational for a duration finding of 12

months is "unclear," that mild depression and anxiety are largely treatable, the

evidence suggests a duration of 3-6 months, and "current impairment does not

necessarily appear[] to manifest substantial adverse effect on employability at this

time." Tr. 431.

     The ALJ gave partial weight to Dr. Johansen's opinion.  Tr. 16.  The ALJ

gave more weight to Dr. Johansen's conclusion that Plaintiff would not be disabled

for 12 months and that her limitations would not cause serious limitations in her

mental functioning because those findings are consistent with the record showing

mild to moderate limitation in mental functioning and because of Dr. Arnold's

generally unremarkable mental status exam findings.  Tr. 16.  The ALJ gave less

weight to Dr. Johansen's opinion that Plaintiff's limitations are only mild because

ORDER - 21

other evidence in the record supports moderate limitations in social interaction and adaptation. Tr. 16.

Plaintiff contends Dr. Johansen found Plaintiff had greater limitations than those opined by the nonexamining sources credited by the ALJ, but otherwise fails to address Dr. Johansen's opinion with specificity. ECF No. 25 at 12-13; ECF No. 33 at 5-6. However, Dr. Johansen's opinion actually supports a nondisability finding since he assessed only mild limitations. The ALJ rejected Dr. Johansen's assessment of only mild limitations and found Plaintiff is more limited than Dr. Johansen indicated. Tr. 16. Thus, there is no error and the ALJ's findings are supported by substantial evidence.

### 3. *Holly Petaja, Ph.D.*

Dr. Petaja completed a DSHS Review of Medical Evidence form in December 2014.[4] Tr. 422-24. Dr. Petaja reviewed Dr. Arnold's October and December 2014 opinions and Dr. Johansen's opinion. Tr. 422. She left the medical review portion of the form blank but assessed the same five marked limitations assessed by Dr. Arnold in his December 2014 opinion. Tr. 422-23.

The ALJ gave little weight to Dr. Petaja's opinion. Tr. 17. First, the ALJ found that the precise alignment with Dr. Arnold's December 2014 entry suggests

---

[4] The review was referred to Dr. Petaja on December 19, 2014, but the completion date was left blank. Tr. 422.

ORDER - 22

that that her opinion was based completely on that opinion, which was given little

weight for specific, legitimate reasons supported by substantial evidence, discussed

*supra*.  Tr. 17.  Second, the ALJ found Dr. Petaja's opinion is unsupported because

she provided no explanation supporting the adoption of Dr. Arnold's December

2014 opinion over his or Dr. Johansen's October 2014 opinions.  Tr. 17.  A medical

opinion may be rejected by the ALJ if it is conclusory or is inadequately supported.

*Bray*, 554 F.3d at 1228; *Thomas*, 278 F.3d at 957.  These are specific, legitimate

reasons supported by substantial evidence.  Plaintiff does not address these reasons

with specificity, ECF No. 25 at 12-13; ECF No. 33 at 5-6, and the court concludes

there is no error.

   4.  *Catherine MacLennan, Ph.D.*

   Dr. MacLennan examined Plaintiff and prepared a Psychological Evaluation

in October 2019.  Tr. 900-14.  She diagnosed post traumatic stress disorder, anxiety

disorder with panic attacks, and personality disorder.  Tr. 908.  Dr. MacLennan

found she can concentrate and focus on discrete and structure tasks for brief periods

of time.  Tr. 909.  She found Plaintiff is able to reason, but does not plan or organize

well, has little future orientation, and has difficulty with follow through to complete

tasks.  Tr. 909.  Dr. MacLennan indicated Plaintiff has strong social interaction

skills; she also indicated that Plaintiff has significant difficulties getting along with

others.  Tr. 910.  She opined that difficulty with relationships would become

problematic in any work setting and that she would have difficulty getting along

with supervisors, peers, and the public.  Tr. 910-11.  She also indicated that Plaintiff

ORDER - 23

1    "is increasingly stressed and exhausted when away from home and needing to be

2    around people," and found this would create difficulty getting along in a work

3    setting.  Tr. 911.  She found that Plaintiff lacks stress coping skills to leave home on

4    a daily basis.  Tr. 911.

5        The ALJ gave Dr. MacLennan's opinion little weight.  Tr. 17.  First, the ALJ

6    found that the limitations assessed by Dr. MacLennan are unsupported by her own

7    examination of Plaintiff which was essentially within normal limits.  Tr. 17.  A

8    medical opinion may be rejected if it is unsupported by medical findings.  *Bray*, 554

9    F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

10    2004); *Thomas*, 278 F.3d at 957; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th

11    Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).  As discussed

12    *supra*, the results of the mental status exam administered by Dr. MacLennan

13    included initial mild psychomotor agitation and anxiety, and an anxious and nervous

14    mood and affect.  Tr. 904.  She was weepy and shaky, and her presentation was a

15    little tangential, but generally she was cooperative, had no unusual speech patterns,

16    her thinking was linear, clear, and goal oriented, there were no concerns about

17    memory, and all other mental status findings were within normal limits.  Tr. 904-05.

18    In fact, Dr. MacLennan opined, "there are no concerns about her cognitive abilities

19    based on the mental status examination."  Tr. 17, 909.  The ALJ's finding is

20    reasonable based on the record, and this is a specific, legitimate reason supported by

21    substantial evidence.

Second, the ALJ found that the more extreme portions of the opinion are inconsistent with the longitudinal record showing at most, moderate limitations in her capacity for social interaction and adaptation. Tr. 17. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631. The ALJ discussed the longitudinal record in detail and noted records from various sources over time had consistently unremarkable findings. Tr. 17-18 (citing e.g., Tr. 359, 361-65, 515, 528-31, 761, 766, 770-71, 773, 777, 801, 821-22, 826-27, 829, 843, 853). This is a reasonable interpretation of the evidence.

Plaintiff contends that Dr. MacLennan's assessment is consistent with Dr. Arnold's earlier evaluations; however, as discussed *supra*, the ALJ gave little weight to Dr. Arnold's evaluations for specific, legitimate reasons supported by substantial evidence. As discussed *supra*, Plaintiff also argues generally that the ALJ should have given more weight to Dr. MacLennan's opinion and less weight to the opinions of Dr. Winslow and Dr. Fligstein. ECF No. 25 at 12-13. The ALJ provided legally sufficient reasons for the weight assigned to the Dr. MacLennan's opinion. Plaintiff does not specifically address the ALJ's reasons for giving less weight to Dr. MacLennan's opinion and there is no error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

ORDER - 25

1. Plaintiff's Motion for Summary Judgment, **ECF No. 25**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 31**, is **GRANTED**.

3. Plaintiff's Unopposed Motion to Strike Argument from briefing, **ECF No. 34**, is **GRANTED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** June 28, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 26